Scott, J.
It has been repeatedly held by this court, that a common carrier cannot, in this State, even by express contract, relieve himself from liability for injuries caused by his own negligence, or that of his. servants, in the discharge of the duties incident to his employment. But, in this case, the plaintiff by his demurrer admits, that the contract for his carriage was made in New York, and was wholly to be performed in that _State; that it expressly stipulated for defendant’s exemption from all liability for such negligence as that which constitutes his cause of action, and that such contract exempting the carrier from liability is valid in that State. As the contract was made within the jurisdiction of New York, and contemplated no action outside of that jurisdiction, it is clear that the question of its validity must be determined solely by the laws of New York. The rights and obligations of the parties to such a contract, and in respect to the manner of its execution, cannot be affected by the laws or policy of other States. If no cause of action arose *264 to the plaintiff under his contract, when the accident occurred, the transaction cannot be converted into a cause of action by the fact that the parties have subsequently come within the jurisdiction of Ohio. Story’s OonfL. of Laws, § 242; 2 Redf. on Railways, sec. 15.
The judgment of the court below must be affirmed.
Brinkerhoee, C.-L, and Welch, White, and Day, JJ., concurred.